IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| PETER JAMES COX, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No._____ |
| | ) | |
| v. | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| YOAST MAST and FAITH GOODWIN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Peter James Cox, by his lawyers, Bell Temple LLP, respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for personal injury damages suffered by the plaintiff, Peter James Cox, against defendants Yoast Mast and Faith Goodwin.

2. This action arises out of a motor vehicle accident that occurred on July 2, 2016 in the area of Highway 52 near its intersection with Highway 53 and 3rd Avenue North East in the City of Balfour, North Dakota.

3. The defendants' negligence caused and contributed to the motor vehicle accident giving rise to the plaintiff's injuries and damages.

4. The plaintiff seeks, inter alia, recovery for general and special/pecuniary damages stemming from the motor vehicle accident.

## PARTIES

5. The plaintiff, Peter James Cox, is an individual who resides in the unincorporated community and former town of Simcoe in Norfolk County in the Province of Ontario, Canada

and at all material times was the owner and operator of a 2004 Toyota Matrix bearing Ontario license plate BLVN554.

6. The defendant Yoast Mast is an individual who resides in the City of Martin in the State of North Dakota in the United States of America and at all material times was the owner and operator of a 2011 Chevrolet Silverado pickup truck bearing North Dakota license plate KRP496.

7. The defendant Faith Goodwin is an individual who resides in the City of Drake in the State of North Dakota and also resides in the State of Florida in the United States of America and at all material times was the owner and operator of a 2011 Chevrolet Malibu bearing State of Florida license plate 828MAX.

## VENUE AND JURISDICTION

8. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy five thousand dollars ($75,000) and plaintiff is not a citizen of a state in which either of the defendants are domiciled.

9. Venue is proper in this district, because the accident occurred in McHenry County in North Dakota, which falls within the jurisdiction of this Court.

## THE COLLISION

10. On Saturday, July 2, 2016, at approximately 3:52 p.m., the plaintiff was lawfully operating his Toyota Matrix traveling eastbound in the eastbound lane of Highway 52 near its intersection with Highway 53 and 3rd Avenue North East in the City of Balfour, North Dakota.

11. Suddenly and without warning the plaintiff's vehicle was violently struck head-on in the eastbound lane of Highway 52 by the westbound Chevrolet Malibu owned and operated by defendant Faith Goodwin.

12. The Malibu had crossed the center of Highway 52 and entered the eastbound lane while travelling westbound after being struck by the westbound Chevrolet Silverado pickup truck owned and operated by defendant Yoast Mast.

13. As a result of the collisions between the motor vehicles, the airbags to the plaintiff's Matrix deployed and the plaintiff's spine and legs were crushed by the force of the collision before the plaintiff's uncontrollable Toyota departed the travelled area of the roadway and came to a stop at a position located southeast of the intersection.

14. The plaintiff was extricated from his Toyota and airlifted to hospital for emergency medical care.

## FIRST COUNT – NEGLIGENCE OF YOAST MAST

15. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

16. Defendant Yoast Mast was careless and negligent in the ownership and operation of his motor vehicle, which caused plaintiff to suffer severe personal injuries.

17. Defendant Yoast Mast had a duty to comply with all statutes, laws and regulations pertaining to the ownership and operation of a motor vehicle, but failed to do so, and was therefore negligent.

18. The collision and the plaintiff's damages were caused as a result of the negligence of defendant, Yoast Mast, the particulars of which are, without limitation, as follows:

   (a) He allowed the Mast motor vehicle to rear-end the Goodwin motor vehicle which pushed the Goodwin motor vehicle into the path of the plaintiff's oncoming motor vehicle;

   (b) He allowed the Mast motor vehicle to collide with the Goodwin motor vehicle which ultimately struck the plaintiff's motor vehicle;

20053605.1

(c) He failed to keep a proper lookout;

(d) He failed to keep the Mast motor vehicle under proper control;

(e) He was following too closely behind the Goodwin motor vehicle;

(f) He was travelling at an excessive rate of speed considering the circumstances and road conditions;

(g) He failed to slow down or stop so as to avoid the multiple collisions;

(h) He failed to take reasonable care to avoid a collision which he saw or should have seen was likely to occur;

(i) He operated the Mast motor vehicle while allowing himself to be a distracted driver;

(j) He failed to have the brakes and lights on the Mast motor vehicle in proper working order, or in the alternative, he failed to apply them;

(k) He failed to have the Mast motor vehicle in a fit and proper condition, suitable for its safe operation upon a public highway;

(l) He failed to drive according to the prevailing weather and road conditions;

(m) He created a situation of danger from which the plaintiff, despite all reasonable efforts and precautions, was unable to extricate himself;

(n) On the occasion in question he was an incompetent driver lacking reasonable skill and self-command and ought not to have attempted to operate the Mast motor vehicle;

(o) He operated the Mast motor vehicle while he was intoxicated and/or impaired;

(p) He operated the Mast motor vehicle while his ability to do so was impaired by fatigue, illness, or physical or medical disability;

(q) He operated the Mast motor vehicle while his ability to do so was impaired by medication or a medical condition, which he knew or ought to have known rendered him unsafe to do so;

(r) He failed to observe the rules of the road as required by N.D.C.C. § 39-10-01-73; and

(s) Such further and other claims of negligence, the particulars of which will be provided prior to the trial of this action.

19. As a direct and proximate cause of defendant Yoast Mast's negligence, plaintiff sustained severe painful bodily injuries, including but not limited to, multiple fractures, which required surgery, extensive medical treatment, and rehabilitation.

20. As a direct and proximate result of the physical and psychological injuries sustained by plaintiff in the collision, plaintiff has been incapacitated from pursuing his usual employment and other activities, has been left with disabilities that will in the future incapacitate him, cause him pain and suffering, and require further medical treatment.

## SECOND COUNT – NEGLIGENCE OF FAITH GOODWIN

21. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

22. Defendant Faith Goodwin was careless and negligent in the ownership and operation of her motor vehicle, which caused plaintiff to suffer severe personal injuries.

23. Defendant Faith Goodwin had a duty to comply with all statutes, laws and regulations pertaining to the ownership and operation of a motor vehicle, but failed to do so, and was therefore negligent.

24. The collision and the plaintiff's damages were caused as a result of the negligence of defendant, Faith Goodwin, the particulars of which are, without limitation, as follows:

(a) She made an unsafe left turn;

(b)  She stopped suddenly and unexpectedly;

(c)  She attempted to make a turn without first ascertaining that she could do so in safety;

(d)  She made a turn across the path of the plaintiff's motor vehicle without affording the plaintiff a reasonable opportunity to avoid the collision;

(e)  She failed to give the plaintiff's motor vehicle the right-of-way which it was entitled;

(f)  She ignored road markings and signage;

(g)  She failed to yield to traffic with the lawful right-of-way;

(h)  She failed to signal her intention to slow and execute a turn;

(i)  She failed to initiate a turn in safety;

(j)  She swerved into oncoming traffic with the lawful right-of-way;

(k)  She crossed the centerline of a highway, entered into the path of oncoming traffic and collided head-on with the plaintiff's motor vehicle;

(l)  She failed to keep a proper lookout;

(m)  She failed to see the plaintiff's motor vehicle at all or in time;

(n)  She failed to exercise caution and to take measures to avoid a foreseeable collision;

(o)  She failed to sound her horn;

(p)  She failed to properly place the Goodwin motor vehicle on the roadway;

(q)  She failed to keep the Goodwin motor vehicle under proper control;

(r)  She operated the Goodwin motor vehicle while allowing herself to be a distracted driver;

(s)  She was travelling at an excessive rate of speed considering the circumstances and road conditions;

(t)  She failed to slow down or stop so as to avoid a collision;

(u)  She failed to take reasonable care to avoid a collision which she saw or should have seen was likely to occur;

(v)  She failed to have the brakes and lights on the Goodwin motor vehicle in proper working order, or in the alternative, she failed to apply them;

(w)  She failed to have the Goodwin motor vehicle in a fit and proper condition, suitable for its safe operation upon a public highway;

(x)  She failed to drive according to the prevailing weather and road conditions;

(y)  She created a situation of danger from which the plaintiff, despite all reasonable efforts and precautions, was unable to extricate himself;

(z)  On the occasion in question she was an incompetent driver lacking reasonable skill and self-command and ought not to have attempted to operate the Goodwin motor vehicle;

(aa)  She operated the Goodwin motor vehicle while she was intoxicated and/or impaired;

(bb)  She operated the Goodwin motor vehicle while her ability to do so was impaired by fatigue, illness, or physical or medical disability;

(cc)  She operated the Goodwin motor vehicle while her ability to do so was impaired by medication or a medical condition, which she knew or ought to have known rendered her unsafe to do so;

(dd)  She failed to observe the rules of the road as required by N.D.C.C. § 39-10-01-73; and

20053605.1

(ee)  Such further and other claims of negligence, the particulars of which will be provided prior to the trial of this action.

25. As a direct and proximate cause of defendant Faith Goodwin's negligence, plaintiff sustained severe painful bodily injuries, including but not limited to, multiple fractures, which required surgery, extensive medical treatment, and rehabilitation.

26. As a direct and proximate result of the physical and psychological injuries sustained by plaintiff in the collision, plaintiff has been incapacitated from pursuing his usual employment and other activities, has been left with disabilities that will in the future incapacitate him, cause him pain and suffering, and require further medical treatment.

## DAMAGES

27. Plaintiff has sustained and will continue to sustain pain and suffering, a loss of enjoyment of life and a loss of amenities. Plaintiff is unable to participate in those recreational, social, household, athletic, and employment activities to the extent to which he participated in such activities prior to the collision. As a result, plaintiff's quality of life has been severely diminished.

28. As a further result of the negligence of the defendants, plaintiff has undergone and will continue to undergo in the future, hospitalization, surgery, therapy, rehabilitation, attendant care, the use of specialized equipment and other forms of medical treatment and healthcare. In addition, plaintiff has received and will continue to receive medication.

29. As a result of the negligence of the defendants, plaintiff has incurred and will continue to incur expenses, including expenses for hospitalization, surgery, general medical care, air and ground ambulance, repatriation, medication, therapy, rehabilitation, attendant care, specialized equipment, medical treatment and other forms of care, the full particulars of which expenses are not within plaintiff's knowledge at this time.

30. As a result of the negligence of the defendants, plaintiff is unable to perform household and home maintenance chores for himself to the extent that he was able to do so before the collision and resultant injuries. Plaintiff has suffered a loss of housekeeping and home maintenance capacity and he will require assistance in the future to complete such chores.

31. As a result of the negligence of the defendants, plaintiff has sustained a loss of income and will continue to sustain a loss of income, a loss of competitive advantage in the employment field, a loss of income earning potential, delayed completion of education and re-entry in the workforce, diminished academic performance, and a diminution of income earning capacity.

32. As a result of the negligence of the defendants, plaintiff has suffered other pecuniary damages up to the present and will continue to suffer pecuniary damages in the future, the full particulars of which are not known at this time.

## **DEMAND FOR JURY TRIAL**

33. Plaintiff hereby demands a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b) and 38(c).

## **PRAYER FOR RELIEF**

34. WHEREFORE, plaintiff demands upon defendants:

   a. All damages as alleged in the preceding paragraphs of this Complaint;

   b. actual, compensatory and statutory damages;

   c. all general, special, pecuniary, incidental, compensatory and consequential damages incurred, or to be incurred, by plaintiff;

   d. past and future medical, incidental and hospital expenses and charges;

   e. past and future physical pain and mental anguish;

   f. past and future physical impairment;

   g. past and future disfigurement;

h. past lost wages and future low wage-earning capacity;

i. past and future out-of-pocket expenses;

j. an award of costs, disbursements and attorney's fees as allowed by law;

k. pre and post-judgment interest as allowed by law;

l. judgment against the defendants, jointly and severally;

m. an award of taxable costs; and

n. any and all such further relief as this Court deems just and proper.

    **BELL TEMPLE LLP**
    By:  /s/ Frank D. Costantini
    fcostantini@belltemple.com
    1300 – 393 University Avenue
    Toronto, Ontario, Canada, M5G 1E6
    Tel: 416.581.8247
    Fax: 416.596.0952
    Attorneys for the Plaintiff

20053605.1